**EMPIRE CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendants.**

**EMPIRE CORPORATION, Plaintiff and Counter-Defendant,**

v.

**Duane L. NEELEY et al., Third-Party Defendants.**

**No. C 10-73.**

United States District Court, D. Utah, Central Division.

April 17, 1974.

Steven H. Stewart, Salt Lake City, Utah, for plaintiff.

C. Nelson Day, U. S. Atty., Lorin N. Pace, Salt Lake City, Utah, for defendants.

ALDON J. ANDERSON, District Judge.

Defendants . . . assert that even if the plaintiff has a senior claim the defendants' motion should be granted because the sale of the subject property was explicitly made subject to the claim of any such interest. Section 6339(a)(2) of the Internal Revenue Code provides that in all cases of sale pursuant to Section 6335, the certificate of sale:

2) . . . shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold; . . .

In view of the foregoing and because the notice of public auction sale indicated that only the rights in the property of the delinquent taxpayer were offered for sale, the United States contends that even if the plaintiff actually has a senior lien, its claim is against the purchasers of the property and not against the defendant.

In response plaintiff has placed reliance upon Section 7426(b)(2), enacted in 1966, which provides in part as follows:

2) Recovery of Property.—If the court determines that such property has been wrongfully levied upon, the court may—

. . . . . .

(C) grant a judgment for an amount not exceeding the amount received by

the United States from the sale of such property. . . .

Thus the plaintiff maintains that if it is determined that a "wrongful" levy has been made, the aggrieved party is entitled to the proceeds from the sale of such property regardless whether purchasers had constructive notice concerning the possibility of a conflicting claim. The court does not fully agree with the plaintiff's characterization. Rather, the issue appears to be whether the levy and sale of property seized by the Internal Revenue Service can ever be considered a wrongful levy within the meaning of Section 7426 when the property is sold subject to the possible claims of senior lienholders. Under certain circumstances the court believes that such action could constitute a wrongful levy, and must therefore reject the defendants' contention as a basis for partial summary judgment. Section 7426 was enacted as part of the Federal Tax Lien Act of 1966. As noted in Senate Report 1708 1966 U.S.Code Cong. & Admin.News, p. 3722 which accompanied the measure, the Act:

> . . . represents the first comprehensive revision and modernization of the provisions of the internal revenue laws concerned with the relationship of Federal tax liens to the interests of other creditors. . . .

> This bill is in part an attempt to conform the lien provisions of the internal revenue laws to the concepts developed in (the) . . . Uniform Commercial Code.

To prevent loss resulting from the decline in the value of property while conflicting claims of priority are resolved, Section 7426(a)(3) provides:

> 3) . . . If property has been sold pursuant to an agreement described in 6325(b)(3) (relating to substitution of proceeds of sale), any person who claims to be legally entitled to all or part of the amount held as a fund pursuant to such agreement may bring a civil action against the United States in a district court of the United States.

At one point in the controversy the parties seemed near agreement that a sale of the subject property could be conducted by the plaintiff and certain of the proceeds escrowed pending a determination of priority. However, this agreement was not finalized, and the delinquent taxpayer became bankrupt. Prior to the time that the bankruptcy court recognized the validity of plaintiff's security interest, the Internal Revenue Service conducted its sale of the property. The personal property sold consisted for the most part of materials utilized in the construction of small boats and tools. The notification of public auction sale provided that:

> Items will be offered in the aggregate and in lots or as individual items and sold by the method producing the greatest amount.

As should be apparent, whatever the legal significance of the caveat that "[o]nly the right, title, and interest of Seaflite Corporation in and to the property will be offered for sale," the practical effect of the sale was to extinguish whatever right the plaintiff may have had in the property. The mobile nature of the property, and the possibility of numerous buyers of the various items, would seem to preclude the plaintiff from asserting its claim against the buyers as the defendants suggest.

 In these circumstances where the IRS has notice of a conflicting claim, and it is obvious the adverse claimant would agree to a sale of the property, and it is further apparent that the nature of the property and the possibility of numerous buyers make later claim on the property impractical or futile, the levy may be considered wrongful according to Section 7426. This is not to suggest that the Internal Revenue Service does not have authority to sell property held pursuant to a tax lien subject to the rights of other claimants. Its authority to do so is well documented. Where, as in this case, however, the agency has notice of a conflicting claim and of said claimant's willingness to permit sale of any interest it may have, and the nature of the prop-

erty and possibility of numerous buyers is such as to preclude any action by a rival claim holder against purchasers, Section 7426 provides that this should be considered a wrongful levy if the claimant is successful in establishing the priority of its claim. Thus because of the factual disputes herein enumerated the motions must be denied.

Ordered.